O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ORANGE COUNTY PLASTERING COMPANY, INC., a California corporation, | ) ) ) | Case No. CV 11-06364 DDP (FMOx) |
| | ) | **ORDER DENYING DEFENDANT'S MOTION** |
| | ) | **TO DISMISS PLAINTIFF'S CLAIM FOR** |
| Plaintiff, | ) | **BREACH OF IMPLIED COVENANT OF** |
| | ) | **GOOD FAITH AND FAIR DEALING** |
| v. | ) | |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, a New York Corporation, | ) ) ) | [Docket No. 11] |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the court is Defendant American Home Assurance Company's Motion to Dismiss Plaintiff Orange County Plastering Company, Inc.'s claim for breach of the covenant of good faith and fair dealing (and corresponding request for attorneys' fees). After reviewing the parties' moving papers and considering the arguments therein, the court DENIES the Motion.

**I.   Background**

Plaintiff Orange County Plastering Company, Inc. ("OCP") is a licensed California contractor performing lath and plastering work. Defendant American Home Assurance Company ("AHAC") is an admitted

1   insurer, licensed to provide insurance policies and coverage in

2   California.  (1st Am. Compl. ("FAC") ¶¶ 1-2.)  OCP entered into a

3   construction subcontract with general contractor Suffolk

4   Construction Company ("Suffolk"), to provide labor and materials on

5   a condominium project ("Project") in the City of Pasadena.

6   Pursuant to the subcontract, AHAC provided two insurance policies,

7   covering the construction and OCP ("Policies").  (Id. ¶¶ 6-8.)

8        Disputes arose between OCP and Suffolk, and OCP filed suit

9   against Suffolk on April 8, 2010, for breach of contract and

10  related claims based on Suffolk's withholding of payment.  Suffolk

11  filed a first amended cross-complaint against OCP on December 30,

12  2010 ("Underlying Action"), alleging that OCP's defective work

13  caused water intrusion damage at the Project.  In late 2010 and

14  early 2011, OCP returned to the Project at Suffolk's request, to

15  assist in repair work for the water intrusion damage, incurring

16  $704,204 in costs.  (Id. ¶¶ 9-11.)  Pursuant to the Policies, OCP

17  tendered the defense of the Underlying Action to AHAC, on February

18  7, 2011.  OCP provided AHAC a copy of the cross-complaint from the

19  Underlying Action and documentation supporting OCP's defenses.  OCP

20  also requested reimbursement for the $704,204 in remediation work.

21  (Id. Ex. 2 at 1-2.)  On May 13, 2011, AHAC denied OCP's claims,

22  based on a "Builder's Risk Exclusion" to the Policies, precluding

23  coverage for defective work by the insured, and an "Exclusion for

24  Water Seepage, Leakage or Intrusion from Exterior Wall

25  Applications" resulting from insured's work.  (Id. Ex. 3 at 2, 10-

26  11.)

27       On June 8, 2011, OCP asked AHAC to reevaluate its claim

28  denial, providing additional information that OCP was not at fault

1  for the water intrusion.  Among other things, OCP stated that: (1)

2  it had complied with and exceeded certain lath and plaster work

3  standards; (2) the water intrusion "was caused by the window

4  subcontractor's faulty work"; and (3) the Underlying Action

5  included a $120,000 demand for repainting.  (Id. Ex. 4.)  AHAC

6  responded with a letter, dated that same day, again denying

7  coverage.  AHAC did not specifically address OCP's contentions that

8  it complied with lath and plaster work standards and that window

9  subcontractors caused the water intrusion.  But AHAC did explain

10 that it based its denial of coverage on the allegations in the

11 Underlying Action, not their validity.  AHAC also stated that the

12 paint-related damages did not change the analysis, because they

13 were subject to exclusions as well.  (Id. Ex. 5.)

14      OCP therefore brought suit in Los Angeles County Superior

15 Court, on June 30, 2011, and AHAC removed the action to federal

16 court, on August 3, 2011.  (Dkt. No. 1.)  OCP filed a first amended

17 complaint on August 15, 2011, for (1) breach of contract, (2)

18 breach of the implied covenant of good faith and fair dealing, and

19 (3) declaratory relief.  (Dkt. No. 7.)  Defendant then filed this

20 Motion to Dismiss the second claim pursuant to Federal Rule of

21 Civil Procedure 12(b)(6), alleging that OCP fails to assert facts

22 sufficient to find bad faith.  (Dkt. No. 11.)

23 **II.  LEGAL STANDARD**

24      Federal Rule of Civil Procedure 12(b)(6) requires courts to

25 dismiss claims for which no relief can be granted.  When

26 considering a 12(b)(6) motion, "all allegations of material fact

27 are accepted as true and should be construed in the light most

28 favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447

3

1   (9th Cir. 2000).   In <u>Ashcroft v. Iqbal</u>, the Supreme Court explained
2   that a court should first "identify[] pleadings that, because they
3   are no more than conclusions, are not entitled to the assumption of
4   truth."   129 S. Ct. 1937, 1950 (2009).   Next, the court should
5   identify the complaint's "well-pleaded factual allegations, . . .
6   assume their veracity and then determine whether they plausibly
7   give rise to an entitlement to relief."   <u>Id.</u>; <u>see also</u> <u>Moss v. U.S.</u>
8   <u>Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a
9   complaint to survive a motion to dismiss, the non-conclusory
10  factual content, and reasonable inferences from that content, must
11  be plausibly suggestive of a claim entitling the plaintiff to
12  relief."   (internal quotation marks omitted)).
13  **III. DISCUSSION**
14      In California, "[i]n addition to the right to sue an insurer
15  in contract, if the insurer acts unreasonably and without proper
16  cause in failing to investigate a claim, refusing to provide a
17  defense, or either delaying or failing to pay benefits due under
18  the policy, the insured can sue in tort for breach of the covenant
19  of good faith and fair dealing."   <u>Richards v. Sequoia Ins. Co.</u>, 195
20  Cal. App. 4th 431, 438 (2011) (citing <u>Emerald Bay Cmty. Ass'n v.</u>
21  <u>Golden Eagle Ins. Corp.</u>, 130 Cal. App. 4th 1078, 1093 (2005)); <u>see</u>
22  <u>also</u> <u>Egan v. Mut. of Omaha Ins. Co.</u>, 24 Cal. 3d 809, 818-19 (1979)
23  (holding that an insurer "must give at least as much consideration
24  to the [insured's] interests as it does to its own").
25      Upon receiving actual notice of a claim, an insurer must
26  inquire into all possible bases that might support the claim.   <u>See</u>
27  <u>Egan</u>, 24 Cal. 3d at 819.   Unreasonable delays in claim handling can
28  demonstrate bad faith.   <u>See</u> <u>Fleming v. Safeco Ins. Co.</u>, 160 Cal.

4

App. 3d 31, 37 (1984); <u>Carlton v. St. Paul Mercury Ins. Co.</u>, 30 Cal. App. 4th 1450, 1459 (1994).  An insurer's refusal to reconsider a denial can also be evidence of bad faith.  <u>See Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.</u>, 78 Cal. App. 4th 847, 880 (2000).  The ultimate test of bad faith liability is whether a refusal or alleged delay was unreasonable.  <u>Chateau Chamberay Homeowners v. Associated Int'l Ins. Co.</u>, 90 Cal. App. 4th 335, 346 (2001) (citing <u>Opsal v. United Servs. Auto. Ass'n</u>, 2 Cal. App. 4th 1197, 1205 (1991)).

The court concludes that OCP has alleged sufficient facts - taken as true and with all reasonable inference therefrom - to support its claim for breach of the implied covenant of good faith and fair dealing.  If OCP can establish that AHAC owed it a duty to defend or reimburse its remediation costs under the Policies, then AHAC's alleged delay, failure to respond to OCP's communications, and same-day denial of OCP's reconsideration request could rise to the level of unreasonableness.[1]

To elaborate, OCP contends that AHAC refused to respond to its initial claim request, despite "numerous telephone calls, emails, letters, and faxes," forcing OCP to file a formal grievance with the California Department of Insurance.  According to OCP, AHAC finally responded to the claim more than three months later, "only after the State opened up a formal investigation."  (FAC ¶ 13.)

---

[1]  As AHAC argues, the court is not convinced that OCP has alleged sufficient facts to support its assertion that "AHAC failed to undertake any sort of investigation into OCP's claim."  (FAC ¶ 13.)  Contrary to OCP's contention, neither AHAC's written responses, nor AHAC's alleged failure to request additional information from OCP, illustrate that no investigation was taken. (<u>Id.</u> ¶ 15.)  Of course, it is possible that additional facts, sufficient to support this conclusion, will later come to light.

As discussed, an unreasonable delay by an insurer can demonstrate bad faith.  A prompt response to a tender of defense is particularly important, given the breadth of the duty and the insured's potential accumulation of legal costs in the interim.  See Montrose Chem. Corp. v. Super. Ct. of L.A. County, 6 Cal. 4th 287, 300 (1993) (holding that the duty to defend is triggered when there is "a bare 'potential' or 'possibility' of coverage"); Anthem Elec., Inc. v. Pac. Employers Ins. Co., 302 F.3d 1049, 1054 (9th Cir. 2002) ("Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor.").  (FAC ¶ 28 ("OCP has been compelled to incur damages in excess of $30,000 just in defense of [the Underlying Action] . . . .").)

Although neither party has addressed the issue, it also appears that the alleged delay violated the California Code of Regulations' requirement that "[u]pon receiving proof of claim, every insurer [with exceptions not relevant here] shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part."  Cal. Code Regs., tit. 10, § 2695.7(b).  Violations of the regulations can be evidence of bad faith.  See Jordan v. Allstate Ins. Co., 148 Cal. App. 4th 1062, 1078 (2007); Safeco Ins. Co. of Am. v. Parks, 170 Cal. App. 4th 992, 1006-07 (2009); Yang v. Peoples Benefit Ins. Co., No. CIV F 06-458, 2007 WL 1555749 at *8 (E.D. Cal. May 25, 2007) ("Bad faith is also reflected by the many instances where [Defendant] failed to follow the California insurance code and the regulations promulgated thereunder.").

6

1    Lastly, OCP's allegations that AHAC (1) failed to meaningfully

2  consider OCP's request for reconsideration, given AHAC's same-day

3  response, and (2) refused to provide a copy of one of the two

4  Policies, despite OCP's repeated requests, may lend support to

5  OCP's claim of unreasonable claim handling by AHAC.  (FAC ¶¶ 8, 16-

6  17.)

7  **IV.    CONCLUSION**

8    In sum, Plaintiff OCP has alleged facts that plausibly give

9  rise to an entitlement to relief on its claim for breach of the

10  implied covenant of good faith and fair dealing.  Defendant's

11  contentions are more properly brought in a motion for summary

12  judgment, once the factual record has been fully developed.  The

13  court therefore DENIES Defendant AHAC's Motion to Dismiss.

14

15  IT IS SO ORDERED.

16

17

18  Dated: October 28, 2011

19                              DEAN D.  PREGERSON
                                United States District Judge

20

21

22

23

24

25

26

27

28