O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ORANGE COUNTY PLASTERING COMPANY, INC., a California corporation, | ) ) ) | Case No. CV 11-06364 DDP (FMOx) |
| | ) ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AMERICAN HOME ASSURANCE COMPANY, a New York Corporation, | ) ) ) ) | [Docket No. 11] |
| Defendant. | ) ) | |
| _____ | ) | |

Presently before the court is Defendant American Home Assurance Company's Motion to Dismiss Plaintiff Orange County Plastering Company, Inc.'s claim for breach of the covenant of good faith and fair dealing (and corresponding request for attorneys' fees). After reviewing the parties' moving papers and considering the arguments therein, the court DENIES the Motion.

I.   **Background**

Plaintiff Orange County Plastering Company, Inc. ("OCP") is a licensed California contractor performing lath and plastering work. Defendant American Home Assurance Company ("AHAC") is an admitted

insurer, licensed to provide insurance policies and coverage in California. (1st Am. Compl. ("FAC") ¶¶ 1-2.) OCP entered into a construction subcontract with general contractor Suffolk Construction Company ("Suffolk"), to provide labor and materials on a condominium project ("Project") in the City of Pasadena. Pursuant to the subcontract, AHAC provided two insurance policies, covering the construction and OCP ("Policies"). (Id. ¶¶ 6-8.)

Disputes arose between OCP and Suffolk, and OCP filed suit against Suffolk on April 8, 2010, for breach of contract and related claims based on Suffolk's withholding of payment. Suffolk filed a first amended cross-complaint against OCP on December 30, 2010 ("Underlying Action"), alleging that OCP's defective work caused water intrusion damage at the Project. In late 2010 and early 2011, OCP returned to the Project at Suffolk's request, to assist in repair work for the water intrusion damage, incurring $704,204 in costs. (Id. ¶¶ 9-11.) Pursuant to the Policies, OCP tendered the defense of the Underlying Action to AHAC, on February 7, 2011. OCP provided AHAC a copy of the cross-complaint from the Underlying Action and documentation supporting OCP's defenses. OCP also requested reimbursement for the $704,204 in remediation work. (Id. Ex. 2 at 1-2.) On May 13, 2011, AHAC denied OCP's claims, based on a "Builder's Risk Exclusion" to the Policies, precluding coverage for defective work by the insured, and an "Exclusion for Water Seepage, Leakage or Intrusion from Exterior Wall Applications" resulting from insured's work. (Id. Ex. 3 at 2, 10-11.)

On June 8, 2011, OCP asked AHAC to reevaluate its claim denial, providing additional information that OCP was not at fault

1  for the water intrusion.  Among other things, OCP stated that: (1)
2  it had complied with and exceeded certain lath and plaster work
3  standards; (2) the water intrusion "was caused by the window
4  subcontractor's faulty work"; and (3) the Underlying Action
5  included a $120,000 demand for repainting.  (Id. Ex. 4.)  AHAC
6  responded with a letter, dated that same day, again denying
7  coverage.  AHAC did not specifically address OCP's contentions that
8  it complied with lath and plaster work standards and that window
9  subcontractors caused the water intrusion.  But AHAC did explain
10 that it based its denial of coverage on the allegations in the
11 Underlying Action, not their validity.  AHAC also stated that the
12 paint-related damages did not change the analysis, because they
13 were subject to exclusions as well.  (Id. Ex. 5.)

14     OCP therefore brought suit in Los Angeles County Superior
15 Court, on June 30, 2011, and AHAC removed the action to federal
16 court, on August 3, 2011.  (Dkt. No. 1.)  OCP filed a first amended
17 complaint on August 15, 2011, for (1) breach of contract, (2)
18 breach of the implied covenant of good faith and fair dealing, and
19 (3) declaratory relief.  (Dkt. No. 7.)  Defendant then filed this
20 Motion to Dismiss the second claim pursuant to Federal Rule of
21 Civil Procedure 12(b)(6), alleging that OCP fails to assert facts
22 sufficient to find bad faith.  (Dkt. No. 11.)

23 **II.  LEGAL STANDARD**

24     Federal Rule of Civil Procedure 12(b)(6) requires courts to
25 dismiss claims for which no relief can be granted.  When
26 considering a 12(b)(6) motion, "all allegations of material fact
27 are accepted as true and should be construed in the light most
28 favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447

1   (9th Cir. 2000).  In <u>Ashcroft v. Iqbal</u>, the Supreme Court explained
2   that a court should first "identify[] pleadings that, because they
3   are no more than conclusions, are not entitled to the assumption of
4   truth."  129 S. Ct. 1937, 1950 (2009).  Next, the court should
5   identify the complaint's "well-pleaded factual allegations, . . .
6   assume their veracity and then determine whether they plausibly
7   give rise to an entitlement to relief."  <u>Id.</u>; <u>see also</u> <u>Moss v. U.S.</u>
8   <u>Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a
9   complaint to survive a motion to dismiss, the non-conclusory
10  factual content, and reasonable inferences from that content, must
11  be plausibly suggestive of a claim entitling the plaintiff to
12  relief."  (internal quotation marks omitted)).

13  **III. DISCUSSION**

14       In California, "[i]n addition to the right to sue an insurer
15  in contract, if the insurer acts unreasonably and without proper
16  cause in failing to investigate a claim, refusing to provide a
17  defense, or either delaying or failing to pay benefits due under
18  the policy, the insured can sue in tort for breach of the covenant
19  of good faith and fair dealing."  <u>Richards v. Sequoia Ins. Co.</u>, 195
20  Cal. App. 4th 431, 438 (2011) (citing <u>Emerald Bay Cmty. Ass'n v.</u>
21  <u>Golden Eagle Ins. Corp.</u>, 130 Cal. App. 4th 1078, 1093 (2005)); <u>see</u>
22  <u>also</u> <u>Egan v. Mut. of Omaha Ins. Co.</u>, 24 Cal. 3d 809, 818-19 (1979)
23  (holding that an insurer "must give at least as much consideration
24  to the [insured's] interests as it does to its own").

25       Upon receiving actual notice of a claim, an insurer must
26  inquire into all possible bases that might support the claim.  <u>See</u>
27  <u>Egan</u>, 24 Cal. 3d at 819.  Unreasonable delays in claim handling can
28  demonstrate bad faith.  <u>See</u> <u>Fleming v. Safeco Ins. Co.</u>, 160 Cal.

App. 3d 31, 37 (1984); <u>Carlton v. St. Paul Mercury Ins. Co.</u>, 30
Cal. App. 4th 1450, 1459 (1994).  An insurer's refusal to
reconsider a denial can also be evidence of bad faith.  <u>See</u> <u>Shade</u>
<u>Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.</u>, 78 Cal. App.
4th 847, 880 (2000).  The ultimate test of bad faith liability is
whether a refusal or alleged delay was unreasonable.  <u>Chateau</u>
<u>Chamberay Homeowners v. Associated Int'l Ins. Co.</u>, 90 Cal. App. 4th
335, 346 (2001) (citing <u>Opsal v. United Servs. Auto. Ass'n</u>, 2 Cal.
App. 4th 1197, 1205 (1991)).

The court concludes that OCP has alleged sufficient facts -
taken as true and with all reasonable inference therefrom - to
support its claim for breach of the implied covenant of good faith
and fair dealing.  If OCP can establish that AHAC owed it a duty to
defend or reimburse its remediation costs under the Policies, then
AHAC's alleged delay, failure to respond to OCP's communications,
and same-day denial of OCP's reconsideration request could rise to
the level of unreasonableness.[1]

To elaborate, OCP contends that AHAC refused to respond to its
initial claim request, despite "numerous telephone calls, emails,
letters, and faxes," forcing OCP to file a formal grievance with
the California Department of Insurance.  According to OCP, AHAC
finally responded to the claim more than three months later, "only
after the State opened up a formal investigation."  (FAC ¶ 13.)

---

[1] As AHAC argues, the court is not convinced that OCP has
alleged sufficient facts to support its assertion that "AHAC failed
to undertake any sort of investigation into OCP's claim."  (FAC ¶
13.)  Contrary to OCP's contention, neither AHAC's written
responses, nor AHAC's alleged failure to request additional
information from OCP, illustrate that no investigation was taken.
(<u>Id.</u> ¶ 15.)  Of course, it is possible that additional facts,
sufficient to support this conclusion, will later come to light.

1    As discussed, an unreasonable delay by an insurer can
2    demonstrate bad faith.  A prompt response to a tender of defense is
3    particularly important, given the breadth of the duty and the
4    insured's potential accumulation of legal costs in the interim.
5    See Montrose Chem. Corp. v. Super. Ct. of L.A. County, 6 Cal. 4th
6    287, 300 (1993) (holding that the duty to defend is triggered when
7    there is "a bare 'potential' or 'possibility' of coverage"); Anthem
8    Elec., Inc. v. Pac. Employers Ins. Co., 302 F.3d 1049, 1054 (9th
9    Cir. 2002) ("Any doubt as to whether the facts establish the
10   existence of the defense duty must be resolved in the insured's
11   favor.").  (FAC ¶ 28 ("OCP has been compelled to incur damages in
12   excess of $30,000 just in defense of [the Underlying Action] . . .
13   .").)

14   Although neither party has addressed the issue, it also
15   appears that the alleged delay violated the California Code of
16   Regulations' requirement that "[u]pon receiving proof of claim,
17   every insurer [with exceptions not relevant here] shall
18   immediately, but in no event more than forty (40) calendar days
19   later, accept or deny the claim, in whole or in part."  Cal. Code
20   Regs., tit. 10, § 2695.7(b).  Violations of the regulations can be
21   evidence of bad faith.  See Jordan v. Allstate Ins. Co., 148 Cal.
22   App. 4th 1062, 1078 (2007); Safeco Ins. Co. of Am. v. Parks, 170
23   Cal. App. 4th 992, 1006-07 (2009); Yang v. Peoples Benefit Ins.
24   Co., No. CIV F 06-458, 2007 WL 1555749 at *8 (E.D. Cal. May 25,
25   2007) ("Bad faith is also reflected by the many instances where
26   [Defendant] failed to follow the California insurance code and the
27   regulations promulgated thereunder.").

28

1      Lastly, OCP's allegations that AHAC (1) failed to meaningfully

2   consider OCP's request for reconsideration, given AHAC's same-day

3   response, and (2) refused to provide a copy of one of the two

4   Policies, despite OCP's repeated requests, may lend support to

5   OCP's claim of unreasonable claim handling by AHAC.  (FAC ¶¶ 8, 16-

6   17.)

7   **IV.   CONCLUSION**

8      In sum, Plaintiff OCP has alleged facts that plausibly give

9   rise to an entitlement to relief on its claim for breach of the

10  implied covenant of good faith and fair dealing.  Defendant's

11  contentions are more properly brought in a motion for summary

12  judgment, once the factual record has been fully developed.  The

13  court therefore DENIES Defendant AHAC's Motion to Dismiss.

14

15  IT IS SO ORDERED.

16

17

18  Dated: October 28, 2011

19                              DEAN D. PREGERSON
                                United States District Judge

20

21

22

23

24

25

26

27

28